UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN CURTIS RICE,<br><br>                              Plaintiff,<br><br>- against -<br><br>WP COMPANY LLC d/b/a THE WASHINGTON POST<br>                              Defendant. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff John Curtis Rice ("Rice" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant WP Company LLC d/b/a The Washington Post ("WP" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1.      This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of two copyrighted photographs. One of Nayla Kidd and another of a picture poster of Nayla Kidd, owned and registered by Rice, a New York City based photojournalist. Accordingly, Rice seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2.      This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant is doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Rice is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 777 Kappock Street, Bronx, New York, 10463.  Rice's photographs have appeared in many publications around the United States.

6. Upon information and belief, WP is a corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 1150 15th Street, NW, Washington, DC, 20071. At all times material hereto, WP has owned and operated a website at the URL: www.washingtonpost.com (the "Website").

## STATEMENT OF FACTS

**A.    Background and Plaintiff's Ownership of the Photographs**

7. On or about May 29, 2016 Rice photographed Nayla Kidd (the "Photographs"). A true and correct copy of the Photographs are attached hereto as Exhibit A.

8. Rice then licensed the Photographs to The New York Post. On May 29, 2016, The New York Post ran an article that featured the Photographs on its web edition entitled *Why I had to escape my Ivy League life and disappear* .See http://nypost.com/2016/05/29/why-i-had-to-escape-my-ivy-league-life-and-disappear/.  Rice's name was featured in a gutter credit identifying him as the photographer of the Photographs. A true and correct copy of the Photographs in the article are attached hereto as Exhibit B.

9. Rice is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

10. The Photographs were registered with Copyright Office and were given Copyright Registration Number VA 2-006-861.

### B. Defendant's Infringing Activities

11. Upon information and belief, on or about May 31, 2016, WP ran an article on the Website entitled *Here's why Columbia University student Nayla Kidd tried to disappear*. See https://www.washingtonpost.com/video/national/heres-why-columbia-university-student-nayla-kidd-tried-to-disappear/2016/05/31/3286697c-2748-11e6-8329-6104954928d2_video.html. The article prominently featured the Photographs. A true and correct copy of the Photographs on the article is attached hereto as Exhibit C.

12. WP did not license the Photographs from Plaintiff for its article, nor did WP have Plaintiff's permission or consent to publish the Photographs on its Website.

13. Upon information and belief, WP removed Rice's gutter credit.

<b><u>FIRST CLAIM FOR RELIEF</u></b><br><b><u>(COPYRIGHT INFRINGEMENT AGAINST WP)</u></b><br><b>(17 U.S.C. §§ 106, 501)</b>

14. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

15. WP infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Website. WP is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

16. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17. Upon information and belief, the foregoing acts of infringement by WP have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

18. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

19. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

20. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

21. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages.  Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST WP
## (17 U.S.C. § 1202)

22. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-21 above.

23. When the Photographs was published in an article in The New York Post, the article contained copyright management information protected under 17 U.S.C. § 1202(b).

24. Upon information and belief, in its article on the Website, WP intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photographs.

25. The conduct of WP violates 17 U.S.C. § 1202(b).

26. Upon information and belief, WP's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

27. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by WP intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photographs. WP also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photographs.

28. As a result of the wrongful conduct of WP as alleged herein, Plaintiff is entitled to recover from WP the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by WP because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

29. Alternatively, Plaintiff may elect to recover from WP statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant WP be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant WP be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
July 5, 2016

                                                  LIEBOWITZ LAW FIRM, PLLC

                                                  By: /s/Richard Liebowitz
                                                         Richard P. Liebowitz
                                                11 Sunrise Plaza, Suite 301
                                                Valley Stream, NY 11580
                                                Tel: (516) 233-1660
                                                RL@LiebowitzLawFirm.com

                                                *Attorney for Plaintiff John Curtis Rice*